## Case No. 15,794.

UNITED STATES v. MOLLER.

[16 Blatchf. 65;[1] 7 Reporter, 390.]

Circuit Court, S. D. New York. Feb. 28, 1879.

CRIMINAL INFORMATION—ILLEGAL IMPORTATION—PENAL RECOVERY.

1. It is not necessary that a criminal information should show either that the defendant has been held to answer the charge, on a complaint before a commissioner, or that the charge has been found true by a grand jury.

2. A criminal information for a violation of section 5445 of the Revised Statutes of the United States, in effecting an entry of merchandise, need not set forth the various steps or documents by which the entry was accomplished, so long as the information is otherwise sufficient.

3. The question whether a criminal prosecution for the acts complained of will lie after the recovery of a penalty by a civil suit for the same acts, does not arise on a demurrer to the information.

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[This was a criminal information against Anton Moller. Heard on demurrer.]

William P. Fiero, Asst. U. S. Dist. Atty. Benjamin B. Foster, for defendant.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the information. It is first contended, in support of the demurrer, that the proceeding by information will not lie, because it does not appear on the face of the information, either that a complaint had been laid before a commissioner, and the defendant thereupon held to answer to the charge set forth in the information, or that the charge had ever been found true by a grand jury. Although it has been the practice in this district, where it is intended to proceed by information, to make a preliminary complaint before a commissioner—a practice which I certainly do not intend to discountenance—I know of no practice or rule that requires the information to show on its face that such a course has been pursued. In the absence of any such requirement, the question of the right to proceed by information, without a preliminary hearing before a commissioner, is not raised by a demurrer.

The next objection presented is, that certain documents, by means of which, it is charged, the offence was committed, are not set out by their tenor. In support of this objection, authorities are cited, to the effect, that, when written instruments enter into the gist of the offence, they should be set out in words and figures. But, written instruments do not enter into the gist of the offence charged in this information. The offence charged is that created by section 5445 of the Revised Statutes, which provides, that "every person who, by any means whatever, knowingly effects, or aids in effecting, any entry of any goods, wares or merchandise, at less than the true weight or measure thereof, or upon a false classification thereof as to quality or value, or by the payment of less than the amount of duty legally due thereon, shall be fined, &c." The statute, it will be observed, says, "by any means whatever," clearly showing that the means employed to effect an entry of goods upon a false classification as to value, or by payment of less than the legal duty, are not of the essence of the crime. The gist of the offence consists in the fraudulent entry, and it is unnecessary to set forth in an information the various steps whereby the entry was accomplished. The information charges, that the defendant, at a certain time and place, effected an entry of certain goods, so described as to identify the goods as well as the entry thereof; and to show that by law the goods were subject to a duty of 60 per cent. ad valorem, coupled with the averment that they were liable to that rate of duty. It is then stated that said goods were entered by the defendant upon a false clas-

sification as to value, and the particular in which the classification was false is stated. It is also charged that such entry was effected by a payment of less than the legal duty, and the amount of the duty paid and the amount of duty legally due are stated. These averments contain every ingredient of the offence, and constitute a statement of the acts alleged to have been done, with sufficient particularity to inform the defendant in regard to the charge, and to show to the court that an offence has been committed. The other averments of the information, undertaking to describe, with more or less certainty, the means employed by the defendant to effect the said entry, were unnecessary, and, being unnecessary, any defect therein will not invalidate the information.

The remaining point made is, that the information will not lie because of the recovery of a penalty by civil suit based on the same acts here complained of. [See Case No. 15,793.] Clearly, this question does not arise upon demurrer, and it cannot, therefore, be now determined.

There must be judgment for the prosecution, on the demurrer, with leave to the defendant to plead.